## Patrick Joyce, by next friend, v. City of Chicago.

### Gen. No. 10,851.

1. ABSTRACT PROPOSITIONS—*instruction as to, need not be given.* Instructions should be drawn so as to bear concretely upon the facts of the case; instructions stating mere abstract propositions of law, though correct in form, may be refused without commission of error.

2. REMARKS OF COUNSEL—*right to assign error upon.* Error cannot be successfully predicated upon remarks of counsel to which no objection was interposed.

3. REMARKS OF COUNSEL—*when not improper.* Particular remarks of counsel set forth in the opinion, referring to the right of plaintiff to

be where he was at the time of sustaining his injury, held, not objectionable.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 18, 1903.

W. E. KEELEY, for appellant.

JOHN E. OWENS, City Attorney, and WILLIAM ROTHMANN, for appellee; WILLIAM J. STAPLETON and J. JAMES O'CONNOR, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellant, an infant, brought suit against appellee to recover for injuries sustained by him by falling from a coal wagon on Princeton avenue, near Fifty-first place, in this city; it being claimed that he was thrown out of the wagon on account of one of its wheels jolting into a hole in the street, and that the hole was dangerously large and deep.

As to the hole and the condition of the street the testimony was conflicting. That for appellant tended to show that the hole was large, wide and deep; while according to the witnesses for appellee the hole was a trifling affair and the street safe for travel.

At the time of the accident, appellant was about nine years old. He testified that he was standing with another boy at the street corner when a coal wagon came along and the driver gave him a pail and nickel and asked him to get him some beer. He got the beer and handed it to the driver who told him he might have a ride. He mounted the wagon and fell off while sitting on the coal near the hind end.

The court refused the following instruction asked for appellant: "The jury are instructed that streets of the city are open to the use of the entire public as highways, without regard to what may be the motives and objects of those traveling thereon; that those using them in the exercise of ordinary care for recreation, for pleasure, or through mere idle curiosity, so long as they do not infringe upon the right of others to use them, are equally within the protec-

tion of the law while so using them, and are equally entitled to have them in a reasonably safe condition with those who are passing along them as travelers or in the pursuit of their daily vocations. Persons using them for recreation or amusement not unlawful, or from mere idle curiosity, using ordinary care, are as much within the protection of the law as those in the pursuit of their legitimate and necessary business."

The court was not bound to give this instruction. It was abstract in form. Instructions should be so drawn as to have a concrete bearing upon the facts of the case. By instructions 3 and 4 given for appellant the jury were fully and fairly informed as to his rights and the duties of the city.

Complaint is made of the following remarks by appellee's counsel in his closing argument: "Now this boy's counsel has stated to you that the boy had a right to be where he was. Of course he did. He had a right to go and jump in the lake, if he sees fit. A man has a right to do almost anything, as long as he does not infringe on somebody else's right, but whether it is wise, judicious or careful to do that is another question. I presume he had a right to climb in the coal wagon and ride there, but you gentlemen have also a right to take into consideration what he was there for; whether he had any business there; how he came to be there; was there any occasion for his being there at all. It would be different if the driver of the wagon was injured; then there would be no doubt that he had business—had occasion to be there, and there would be more force to his claim than there is in the claim of this boy."

Appellant is not in a position to urge error in this regard. No objection of any kind was made to the remarks at the trial. Moreover, we see in them nothing objectionable.

The judgment is affirmed. *Affirmed.*

Mr. Justice Baker having presided at the hearing of this case in the trial court, did not participate in the foregoing decision.